UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY LAWRENCE,

      Plaintiff,

v.

DEPUTY RODAK,

      Defendant.

REPORT & RECOMMENDATION
and DECISION & ORDER

11-CV-6115CJS

---

    Plaintiff Anthony Lawrence ("Lawrence") filed this action *pro se* under 42 U.S.C. § 1983, asserting a claim under the Eighth Amendment that defendant Deputy Rodak failed to protect him from an assault by other inmates at the Monroe County Jail on January 7, 2009 and then used excessive force against him by spraying him with pepper spray. (Docket # 1). Currently pending before the Court are Lawrence's motions to amend his complaint and to compel discovery. (Docket ## 24, 29). For the reasons discussed below, I grant in part and deny in part the motion to compel and recommend that the motion to amend be denied.

I. **Motion to Amend**

  A. **Background**

    Lawrence filed the pending lawsuit on March 7, 2011. (Docket # 1). At the initial scheduling conference, this Court set a deadline of August 31, 2011 for moving to amend the pleadings and add parties. (Docket # 7). Over three months after the deadline expired, on December 15, 2011, Lawrence moved to amend his complaint. (Docket # 24). Specifically,

Lawrence seeks to (1) add Deputy McNamara ("McNamara") as a defendant on his failure to protect claim based on McNamara's presence during the alleged January 7, 2009 assault and (2) add a claim against the Monroe County Medical Department (the "Medical Department") for violating his right to privacy by disclosing his medical records to defendant Rodak. (*Id*.). Defendant opposes the motion on the grounds that the proposed new claims are barred by the statute of limitations.

### B. Legal Standards

In deciding a motion to amend filed after the deadline for amending the pleadings has expired, a court must balance the requirements of Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). Under Rule 15, "[t]he Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, under Rule 15, if the underlying facts or circumstances relied upon by a party seeking leave to amend may be a proper subject of relief, that party should be afforded the opportunity to test the claim on its merits. *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. at 182.

Rule 16(b) requires the district court to enter a scheduling order setting a deadline for subsequent proceedings in the case, including amendments to the pleadings. Fed. R. Civ. P.

16(b). By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that "at some point both the parties and the pleadings will be fixed." *See* Fed. R. Civ. P. 16. advisory committee note to 1983 amendment. The rule provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d at 340.

In *Parker*, the Second Circuit addressed the showing required of a party moving to amend its pleadings after the time set by the court for filing such motions. 204 F.3d at 340. In that case, the court joined several other circuits in holding that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Id*. (internal citations omitted) (collecting cases).

According to the Second Circuit, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340. "Good cause," the court reasoned, "depends on the diligence of the moving party." *Id*.; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good cause exists turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)), *cert. denied*, 131 S. Ct. 795 (2010); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

In determining whether to grant a motion to amend, the court must weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the

3

amendment. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d at 244; *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983). Considerations of prejudice include whether the new claim would (i) require significant additional discovery; (ii) significantly delay the resolution of the dispute; or (iii) prevent the non-moving party from bringing a timely action in another jurisdiction. *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) (collecting cases). "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)." *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, *3 (W.D.N.Y. 2009) (emphasis omitted) (internal citations omitted).

When a party seeks to amend a complaint to add defendants, a court must also consider Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a) permits the inclusion of additional defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See*, *e.g.*, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton Cnty. Nat'l Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L.*

4

*Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

### C. Discussion

"The statute of limitations for a Section 1983 claim is generally the applicable state-law period for personal-injury torts." *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124 n.5 (2005). Using this borrowing approach, the applicable statute of limitations for Section 1983 actions is three years – the limitations period provided under New York law for unspecified injury actions. *See* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three-year statute of limitations to Section 1983 case).

The events giving rise to Lawrence's claim against McNamara occurred on January 7, 2009; thus, the statute of limitations did not expire until January 7, 2012, several weeks *after* Lawrence moved to add McNamara as a defendant. (Docket # 24). Thus, defendant's statute of limitations argument is misplaced. (*See* Docket # 26-1). Rather, the relevant questions are whether Lawrence has demonstrated good cause to amend his complaint following the expiration of the court-ordered deadline and whether McNamara may be properly joined as a defendant under Rule 20(a).

Lawrence did not move to amend his complaint until December 7, 2011, over three months after the August 31, 2011 deadline. Lawrence's motion fails to address his diligence in complying with the deadline and notes only that "at the time of plaintiff filing the original complaint, it was not known that Deputy McNamara was present in the mezz gym during the incident which is the subject of this litigation [and] the plaintiff discovered this information during the process of discovery." (Docket # 24 at ¶ 1). Defendant's June 22, 2011 initial

5

disclosures, however, contained incident reports clearly disclosing that McNamara was present during the January 7, 2009 alleged assault. (Docket # 9-2). Specifically, one report states that "[w]hile assigned to the Recreation area, Dep. Rodak and Dep. McNamara observed inmate Lawrence being chased by inmates Anderson, Woods and Barley"; another states, "Lawrence began to run directly towards the open staff office door [as he was being chased by three inmates and] Deputy McNamara attempted to close the office door but was knocked to the floor by Lawrence and his three pursuers." (*Id*.). Thus, Lawrence knew or should have known the simple facts supporting a claim against McNamara at the time he received these reports – more than two months before the motion to amend deadline. Accordingly, Lawrence has not demonstrated the requisite good cause under Rule 16(b) to permit him to add McNamara as a defendant to the failure to protect claim.

Turning next to Lawrence's motion to add the Medical Department as a defendant, Lawrence claims that the Medical Department's disclosure of his medical records to Rodak amounted to a constitutional violation of his right to privacy. (Docket # 24). Although the date of the challenged disclosure is unclear, Lawrence alleges that he learned of it "[s]ince the filing of the original complaint." (*Id*. at ¶ 3).

Lawrence's proposed claim against the Medical Department, however, does not arise from the "same transaction or occurrence" at issue in the original complaint – the alleged assault in January 2009. *See* Fed. R. Civ. P. 20(a)(2)(A); *Griffin v. Brighton Dental Grp.*, 2011 WL 841353, *4 (W.D.N.Y. 2011); *Vializ v. Dzurenda*, 2011 WL 5374133, *1 (D. Conn. 2011).

Lawrence's claim against the Medical Department may more properly be the subject of a separate lawsuit.[1]

For the reasons stated above, I recommend that the district court deny Lawrence's motion to amend his complaint.

II. **Motion to Compel**

Lawrence has also moved to compel responses to document requests and interrogatories served on November 17 and 20, 2011, respectively. (Docket ## 29, 30). Defendant did not respond to those requests until March 2, 2012, well after the thirty days permitted by Rules 33 and 34.[2] (Docket ## 35, 36). Lawrence contends that defendant has waived any objections to his discovery requests as a result of his untimely response. (Docket # 29).

Lawrence is correct that failure to raise timely objections generally results in a waiver of those objections. *E.g.*, *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998) (collecting cases); *Williams v. Nat'l Hous. Exch. Inc.*, 165 F.R.D. 405, 409 (S.D.N.Y. 1996); *see also Davis v. City of New York*, 1988 WL 42189, *2 (S.D.N.Y. 1988) (no clear error for court to consider defendants' untimely objections because "[i]t is well settled that the protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion"). However, "Rule 26 vests the trial judge with broad discretion to

---

[1] Of course, the Court expresses no opinion on the merits of such a claim.

[2] Because Lawrence served both discovery requests less than thirty days before the discovery deadline of December 16, 2011, even timely responses would have been beyond the then-applicable discovery deadline set by the Court. Recognizing that fact, Lawrence later moved for and was granted an extension of the discovery deadline. (Docket ## 20, 23).

7

tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Therefore, even where the requested material is discoverable, "the Court still has considerable discretion to evaluate the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require production, and if so, on what terms." *Jones v. Goord*, 2002 WL 1007614, *6 (S.D.N.Y. 2002).

A review of defendant's responses to Lawrence's discovery requests reveals that he responded to the vast majority of them, objecting to only some. (Docket ## 35, 36). Upon review, I find that defendant's responses are adequate, with the exception of the discovery requests discussed below.

Lawrence's Document Request 5 seeks, for the period January 1, 2005 to the date of defendant's response, Rodak's: (1) "previous use of force incident reports"; (2) "previous resistance reports"; (3) "complaints, written accusations, grievances and/or misconduct"; and (4) "lawsuits filed and/or submitted" against Rodak. (Docket # 36 at 3). Rodak objected to the requests as "overly broad and seek[ing] information regarding Rodak post-dating the incident which is the subject of the lawsuit." (*Id.*). Lawrence argues that incidents before and after the January 7, 2009 incident are relevant to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Docket # 29).

As drafted, Lawrence's request for documents relating to all lawsuits, grievances, incident reports and complaints filed against Rodak is plainly overbroad and unduly burdensome. *See Wright v. Goord*, 2008 WL 2788287, *3 (W.D.N.Y. 2008). However, defendant is directed to produce to Lawrence copies of any documents, including personnel file records and investigative reports, relating to complaints and disciplinary action taken against Rodak based

8

upon the use of excessive force and/or failure to protect inmates during the period January 2006 through January 2009. Those documents must be produced by October 17, 2012.

Turning to Lawrence's interrogatories, Rodak objected to several on the grounds that they improperly seek production of documents. (Docket # 35). For example, Lawrence's Interrogatory 1.3 seeks a copy of Rodak's "training and/or education in use of force, using a chemical agent and supervising inmates." (*Id*. at 2). Upon review, I conclude that Interrogatories 1.2 through 1.5 seek the same documents that Lawrence sought in Document Requests 11 and 11.1, to which Rodak responded. (*Compare* Docket # 35 at 2 *with* Docket # 36 at 5). Likewise, Interrogatories 9.1, 9.2, 11, and 14.1 seek information similar to that sought in Document Request 5 addressed above. (*Compare* Docket # 35 at 8-9 *with* Docket # 36 at 3). Accordingly, Lawrence's motion to compel responses to Interrogatories 1.2 through 1.5, 9.1, 9.2, 11 and 14.1 is denied as moot.

I find that Rodak's responses to the remaining interrogatories and document requests are sufficient and therefore deny as moot Lawrence's motion to compel.[3] If Lawrence believes that any particular response is inadequate, he may file a separate motion to compel, describing the information he seeks, its relevance to the instant lawsuit and the reason why the response is inadequate or the objection improper.

---

[3] If Rodak has not provided the General Order referenced in his response to Document Request 4 (*see* Docket # 36 at 3), he must do so by no later than October 17, 2012.

## CONCLUSION

For the reasons discussed above, I recommend that the district court deny Lawrence's motion to amend the complaint. (Docket # 24). Lawrence's motion to compel **(Docket # 29)** is **GRANTED in PART** and **DENIED in PART**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                   MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
         September 25, 2012

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       September 25, 2012