UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY LAWRENCE,

                      Plaintiff,

                                                                Case # 11-CV-6115-FPG

v.

                                                                DECISION AND ORDER

DEPUTY RODAK,

                      Defendant.
_____

      *Pro Se* Plaintiff Anthony Lawrence filed this action under 42 U.S.C. § 1983, alleging that Defendant Nicholas Rodak ("Rodak"), a Monroe County Sheriff's Office Deputy Jailor at the Monroe County Jail in Rochester, New York, violated his constitutional rights. Because the Plaintiff has failed to adduce facts that would entitle him to relief, Defendant's Motion for Summary Judgment (Dkt. # 46) is granted, and this case is dismissed with prejudice.

## FACTUAL BACKGROUND[1]

      On January 7, 2009, the Plaintiff was an inmate at the Monroe County Jail ("MCJ") in Rochester, New York. The Plaintiff arrived at MCJ four or five days prior to January 7, 2009, and that January 7, 2009 was the first date that the Plaintiff had been in the mezzanine gym at MCJ. Defendant Nicholas Rodak was a Deputy Jailor at MCJ and he was assigned to work in the mezzanine gym on January 7, 2009. Prior to January 7, 2009, the Plaintiff and Rodak never had any prior dealings or encounters with each other.

      At some point on January 7, 2009, the Plaintiff was seated on a bench in the mezzanine gym. The Plaintiff was approached by another inmate, who punched the Plaintiff in the face.

___

[1] Unless otherwise noted, these facts are undisputed, and are largely drawn from the Plaintiff's deposition in this matter. Because he is the non-moving party, I recite and view the facts in the light most favorable to the Plaintiff.

After being punched, the Plaintiff stood up, and ran towards the staff office in the gym – where Rodak was working – with three or four other inmates chasing the Plaintiff. The staff office was approximately 40 feet away from where the Plaintiff was assaulted.

When the Plaintiff approached the staff office, Rodak held out one of his hands to stop the Plaintiff from entering the office. The Plaintiff crashed into Rodak, and the other inmates crashed into the Plaintiff. The Plaintiff and Rodak fell to the floor, and landed inside the office. There were no other jail deputies working in the office at this time.

While on the floor, the Plaintiff was kicked and punched, but he does not know by whom. Rodak pushed a button in the staff office to call for emergency assistance from other deputies for a fight in progress, and shortly thereafter, Rodak sprayed the Plaintiff in the face with pepper spray. The Plaintiff could not estimate how long the spray lasted; Rodak stated that it was a short burst of approximately one second. After the pepper spray was used, other deputies arrived, and Rodak handcuffed the Plaintiff. As a result of being exposed to pepper spray, the Plaintiff's eyes were swollen and irritated for a couple of days.

DISCUSSION

A.   Summary Judgment Standard

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings,

depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587).

Because the Plaintiff is proceeding *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), and are interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009). It nevertheless remains the *pro se* litigants responsibility to make "specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).

B.   <u>Failure to Protect</u>

Plaintiff alleges that Rodak failed to protect him when he was being chased by other inmates, and that Rodak's action of preventing the Plaintiff from entering the office before calling for assistance from other deputies entitles him to relief. I disagree.

It is well settled that "the Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994)); *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997) ("[P]rison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner.").

In order to establish a failure to protect claim, the prisoner must demonstrate that prison officials "acted with deliberate indifference with respect to his safety or with an intent to cause harm to him." *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991). Negligence on behalf of a defendant is insufficient to state a constitutional claim. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prove deliberate indifference, a plaintiff must show that the "official [knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 836. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* In other words, the prison official must have had a "sufficiently culpable state of mind amounting to at least deliberate indifference." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001) (internal quotation marks omitted).

In this case, there is no dispute that a fight occurred between inmates, and at least four other inmates were potentially involved in the fight. It is also undisputed that Rodak was alone in the staff office at the time of the fight, and that the events complained of transpired within minutes. While the Plaintiff now argues that Rodak should have intervened by himself and attempted to break up the fight, there can be no dispute that those inmates could have attacked Defendant Rodak if he began to physically intervene by himself. Rodak's delay in intervening until other officers arrived was not a failure to act. *See Stubbs v. Dudley*, 849 F.2d 83, 86–87 (2d Cir. 1988) (deliberate indifference is shown when an officer fails to act when there is no risk to himself or to the security of the prison); *Blaylock v. Borden*, 547 F. Supp. 2d 305, 312 (S.D.N.Y. 2008) (awaiting assistance was reasonable when the officer was alone with two inmates); *Williams v. Russo*, 01–CV–6401, 2009 WL 185758 at *2 (W.D.N.Y. Jan. 26, 2009) (finding that it was unsafe for two officers to enter a room with six inmates to break up a fight between two of them).

Further, there is no allegation – much less any evidence – in this case to demonstrate that Rodak acted with a "sufficiently culpable state of mind." Plaintiff has not presented any admissible evidence to show that Rodak had reason to know in advance that the fight would have occurred, and indeed, the Plaintiff and Rodak both agree that neither one had any interaction with the other prior to the date in question. In addition, the record evidence is clear that Deputy Rodak quickly and reasonably responded to the fight in progress by attempting to secure his location, by calling for assistance, and then breaking up the altercation once other deputy jailors had arrived – which all occurred within minutes of when the fight began.

In short, the record is devoid of any evidence showing, objectively or subjectively, that defendant Rodak subjected the Plaintiff to a substantial risk of serious harm and exhibited

deliberate indifference to Plaintiff's safety. Accordingly, no reasonable factfinder could find in Plaintiff's favor on his failure to protect claim, and the Defendant is entitled to summary judgment.

C. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Although not "every malevolent touch by a prison guard gives rise to a federal cause of action," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), inmates "have the right to be free from the unnecessary and wanton infliction of pain at the hands of prison officials." *Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir. 1993) (internal quotation marks omitted).

When faced with claims of excessive force made by inmates against corrections staff, the Supreme Court has instructed that the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), quoting *Hudson*, 503 U.S. at 7. "The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." *Wilkins*, 559 U.S. at 37 (internal quotation omitted). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins*, 559 U.S. at 37-38, quoting *Hudson*, 503 U.S. at 9.

To succeed on an excessive force claim, a plaintiff must prove both an objective element and a subjective element. *Hudson*, 503 U.S. at 7-8; *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). The objective element is "contextual and responsive to contemporary standards of decency" and requires a demonstration that "the injury actually inflicted is sufficiently serious to

warrant Eighth Amendment protection." *Hudson*, 503 U.S. at 9-10. The subjective component of an excessive force claim requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by wantonness in view of the particular circumstances surrounding the challenged conduct." *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (internal quotation and citation omitted).

While failing either the subjective or the objective prong is fatal to the Plaintiff's claim, here, the Plaintiff cannot satisfy either prong.

Regarding the subjective element, much like his failure to protect claim, the Plaintiff has not proven any facts to demonstrate that Rodak acted wantonly, maliciously or sadistically, which is required to sustain his claim. On the contrary, the only conclusion that a reasonable factfinder could reach based upon the evidence before the court is that Rodak acted reasonably, and in a good-faith effort to maintain or restore discipline in MCJ.

Even if the Plaintiff could establish the subjective element, he has also failed to establish the objective element. While the Plaintiff has alleged that he was kicked and punched while on the office floor at MCJ, the Plaintiff admits that he does not know who performed those actions. As such, there is no proof to tie those alleged actions to Rodak, and that, therefore, cannot be a basis for satisfying the objective standard.

The only remaining injury – and the one that appears to be the thrust of the Plaintiff's claims – is that Rodak used pepper spray on the Plaintiff during the events of January 7, 2009. However, the only resulting injuries from the use of pepper spray amount to temporary discomfort in the Plaintiff's eyes, which I find to be insufficient to qualify as an objectively serious injury that would be protected by the Eighth Amendment. In reaching this conclusion, I would note that several other courts have held that the use of pepper spray is not a sufficient

basis for an excessive force claim in the absence of "injuries from being sprayed…aside from the immediate discomfort." *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385, 394 (S.D.N.Y. 2005); *see also Cunningham v. New York City*, 04 Civ. 10232 (LBS), 2007 WL 2743580, at *7 (S.D.N.Y. Sep. 18, 2007) (finding the use of pepper spray to be a *de minimus* use of force when the plaintiff suffered expected side-effects).

To summarize, the Plaintiff has offered no proof to demonstrate that the force utilized by Rodak was carried out maliciously and sadistically, rather than as part of a good-faith effort to maintain or restore discipline in the MCJ. Without such proof, the Plaintiff's excessive force claim fails, and Rodak is entitled to summary judgment on this cause of action.

## CONCLUSION

Defendant's Motion for Summary Judgment (Dkt. # 46) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: September 29, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge